**SO ORDERED.**

**SIGNED this 05 day of January, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

COURTNEY B. WILLIAMS and
DEENA L. WILLIAMS,

    DEBTORS                                                                        CASE NO. 08-02284-8-JRL
                                                                                            Chapter 7

_____

**ORDER**

This case is before the court on the Chapter 7 trustee's objection to the debtors' claim of exemptions. On December 17, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina. This order confirms and provides the rationale for the oral ruling at the conclusion of the hearing overruling the Chapter 7 trustee's objection to the debtors' exemptions.

On April 3, 2008, the debtors filed for relief under Chapter 7 of the Bankruptcy Code. On their Schedule C, the debtors claimed exemptions for, *inter alia*, a life insurance policy, an individual retirement account ("IRA"), two college savings plans qualified under section 529 of the Internal Revenue Code ("529 College Plans"), and income earned during the 60 day period prior to petition in the amount of $9,868.28. On July 18, 2008, the Chapter 7 trustee (the "Trustee") filed an objection to the debtors' claims of exemptions as to the life insurance policy, IRA, 529 College

Plans, and earnings. On the same day, the Trustee filed a motion to compel the debtors to turnover certain property, including commissions earned during the 60-day period prior to filing bankruptcy that the debtors failed to disclose in their schedules. Subsequently, on August 21, 2008, the debtors filed an amended Schedule C which modified their gross wages earned during the 60-day period prior to petition to $43,189.49. On September 19, 2008, the Trustee filed an amended objection to exemptions in which the Trustee objected to the debtors' claim for amended earnings.

At hearing, the Trustee withdrew its objection to exemptions as to the life insurance policy and IRA. Similarly, the Trustee withdrew its objection to the debtors' exemptions for the 529 College Plans after hearing testimony from the male debtor. Additionally, the Trustee established that the total amount of earnings at issue was $35,629.53, including $11,387.17 in income received prior to filing and $24,242.30 in commissions earned pre-petition but received after filing. Thus, the issue before the court is whether the debtors are entitled to an exemption for income earned during the 60-day period prior to petition in the amount of approximately $35,629.53.

Under North Carolina law, a debtor may claim an exemption for income earned during the 60-day period prior to filing bankruptcy if it is necessary to support the debtor's family. N.C. GEN STAT. § 1-362. See also In re Howell, No. 07-01549-5-ATS (Bankr. E.D.N.C. Nov. 29, 2007). North Carolina's exemption laws are liberally construed in favor of the debtor. See In re Laues, 90 B.R. 158, 161 (Bankr. E.D.N.C. 1988) (citing Elmwood v. Elmwood, 295 N.C. 168, 185, 244 S.E.2d 668, 678 (1978).

The Trustee contends that the debtors are precluded from claiming an exemption for earnings in the amount of $35,629.53 and asserts that this amount is unnecessary for family support. At hearing, the Trustee established that the male debtor's wages earned over a 60-day period, in the

2

amount of $35,629.23, are equivalent to the median annual income for an individual in North Carolina and are grossly excessive. In addition, the Trustee contends that the debtors acted in bad faith by failing to disclose the full amount of their earned income when they filed their petition. The Trustee argues that because the debtors and their attorney engaged in extensive pre-petition consultation and were aware that the male debtor was paid on a commission basis, the debtors' failure to disclose these funds on Schedules B or C was inexcusable. The Trustee further contends that it "should not be required to play hide and seek" with the debtors and that full disclosure should not be contingent on a motion for turnover of property.

In response, the debtors contend that their failure to disclose certain commissions earned pre-petition was due to a misunderstanding and was not deliberate, and that the wages at issue are necessary for the support of their family. At hearing, the male debtor, Courtney Williams, testified before the court. Mr. Williams admitted that his original schedules failed to accurately reflect the total amount of income earned during the 60-day period prior to filing. However, Mr. Williams established that he amended his Schedule C in order to account for commissions he earned in March and early April that were distributed post-petition. Mr. Williams further established that he was aware of his pre-petition commissions but was unsure of the amount at the time of filing and believed he was required to report only those earnings actually received. As a result, the debtors argue that their failure to disclose certain wages in their initial petition did not constitute bad faith. The debtors also assert that the total amount of their exempted wages will be used to support their family. In support of this contention, Mr. Williams submitted a signed affidavit outlining his family's projected income and expenses through March 2009. The projections account for the pre-petition wages at issue and estimated that the family's projected expenses will outweigh their

3

income. Thus, the debtors contend that the wages earned during the 60-day period prior to petition are necessary for use by their family.

The court finds that the debtors did not act in bad faith in failing to disclose the wages at issue on the date of petition. Mr. Williams established that he had no intention of misrepresenting his income on his schedules. The debtors' attorney admitted that he simply overlooked the omission. Significantly, the court recognizes that the debtors had no reason to hide their earnings because the wages at issue would have been exempted in full had they been disclosed initially. Although this is a close case, exemptions are liberally construed and the court finds that the debtors are entitled to the exemption for wages claimed on their amended Schedule C. The court also finds that the debtors presented credible evidence that the wages at issue are necessary for the debtors and their family.

Pursuant to the foregoing, the Trustee's objection to the debtors' exemption as to earnings is OVERRULED. The debtors are entitled to retain and use the funds claimed as exempt pursuant to North Carolina General Statute § 1-362.

"**END OF DOCUMENT**"